**BEEDE WASTE OIL CORPORATION, Plaintiff,**

v.

**RECYCLING INDUSTRIES, INC., Defendant.**

**Civ. A. No. 81–643–MC.**

United States District Court, D. Massachusetts.

March 9, 1982.

Stephen R. Duly, Andover, Mass., for plaintiff.

David W. Marshall, Asst. Atty. Gen., Environmental Protection Div., Concord, N.H., for State of N.H.

Robert M. Gault, Mintz, Levin, Cohn, Glovsky & Popeo, Boston, Mass., for Recycling Industries, Inc.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on to be heard on Recycling's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.[1]

■ The facts, taken in the light most favorable to the plaintiff, are as follows. In the summer of 1978, Recycling contacted the plaintiff concerning the plaintiff's receiving an amount of solvent from the defendant. Recycling, by correspondence dated November 13, 1978, supplied an analysis of the solvent to Beede. Based on that analysis, which did not reveal the presence of the toxic substance PCB, the plaintiff agreed to accept 60,000 gallons of the solvent at no cost for either the solvent or its delivery. Plaintiff used some of the solvent to oil a road in New Hampshire. The solvent gave off a strong, unusual odor and the oiling was stopped. Upon investigation, it was determined that the solvent contained the toxic substance PCB.

In this action plaintiff seeks damages and an injunction requiring the defendant to remove the solvent from plaintiff's property at no cost to plaintiff.

The question, then, is whether under Massachusetts law a claim is stated by allegations that one (other than a manufacturer) who supplies a chattel for use by another, with a representation (the analysis) that it is not likely to be dangerous for the use intended by the recipient is liable for harm to the recipient (or recipient's property) or to a third person likely to be affected by the use of the chattel, when the recipient has no reason to appreciate the dangerousness of the chattel.

We have been reminded most recently by the Court of Appeals for this Circuit, in *DiPerri et al. v. Federal Aviation Administration,* 671 F.2d 54, 58 (1st Cir. 1982), that courts must be "slow to dismiss claims" unless it is clear beyond doubt that plaintiff can prove no set of facts in support of his claim.

---

1. At the hearing the plaintiff notified the court that it was voluntarily dismissing its claims against the agencies of the State of New Hampshire which had originally been defendants in this action. That dismissal leaves only Recycling as a defendant.

Under Massachusetts law there is an obligation resting upon one who delivers an article (which he knows, or ought to know is peculiarly dangerous) to notify the recipient of its nature or bear the natural consequence. J. Nolan, Tort Law, Mass. Prac. Series, Vol. 37, (1979), § 226, p. 362; § 229, p. 366.[2] Restatement, Second, Torts, § 388; also § 405.

If an analysis was supplied, as averred, and if the analysis was false and known to be so, or should have been known to be so, perhaps knowledge or total disregard on the part of defendant might fairly be inferred.

Recycling's motion to dismiss must be and is hereby DENIED.

---

**2.** The author is now an Associate Justice of the Supreme Judicial Court of Massachusetts.